# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**TONY M. RUIZ**  **PLAINTIFF**
**ADC #157474**

**v.**  **No: 4:23-cv-00512-PSH**

**MISTY BOZE,** *et al.*  **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

### I. Introduction

Plaintiff Tony M. Ruiz, an inmate at the Varner Supermax Unit of the Arkansas Department of Correction (ADC), filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 on June 2, 2023 (Doc. No. 2) and amended complaint on August 30, 2023 (Doc. No. 14). Ruiz sued multiple defendants at the Pope County Detention Center (PCDC) based on events that occurred while he was incarcerated there as a pre-trial detainee in the summer of 2022. Doc. No. 14. After screening Ruiz's amended complaint, the Court allowed his excessive force and decontamination claims against John Does 1-3, Jane Doe 2, and Corporal Wallace in their individual capacities to proceed and dismissed his other claims. *See* Doc. Nos. 15 & 24. Corporal Wallace was later identified as Sherry Thomas, and the Doe defendants were identified as Misty Boze, Austin Bishop, Damian Goacher, and Matthew

McDonald. *See* Doc. No. 31. The defendants were served and answered Ruiz's complaint. *See* Doc. Nos. 27, 34, 41 & 45.

Before the Court is the defendants' motion for summary judgment, a brief in support, and a statement of facts claiming that Ruiz did not exhaust available administrative remedies with respect to his claims against them before he filed this lawsuit (Doc. Nos. 49-51). Ruiz filed several pleadings in response, including a statement of undisputed facts. Doc. Nos. 55-60. For the reasons described below, the defendants' motion for summary judgment is denied.

## II. Legal Standard

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is proper if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits or declarations, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. FED. R. CIV. P. 56; *Celotex v. Catrett*, 477 U.S. 317, 321 (1986). When ruling on a motion for summary judgment, the court must view the evidence in a light most favorable to the nonmoving party. *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th Cir. 2002). The nonmoving party may not rely on allegations or denials, but must demonstrate the existence of specific facts that create a genuine issue for trial. *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007). The nonmoving party's allegations must be supported by sufficient probative evidence that would

permit a finding in his favor on more than mere speculation, conjecture, or fantasy. *Id.* (citations omitted). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case. *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012). Disputes that are not genuine or that are about facts that are not material will not preclude summary judgment. *Sitzes v. City of West Memphis, Ark.*, 606 F.3d 461, 465 (8th Cir. 2010).

### III. Analysis

The defendants argue that they are entitled to summary judgment on Ruiz's claims because he failed to exhaust his administrative remedies before he filed this lawsuit. *See* Doc. No. 50. In support of their motion for summary judgment, the defendants submitted an affidavit by Pope County Jail Administrator Rowdy Sweet (Doc. No. 51-1); Ruiz's arrest and booking information (Doc. No. 51-2); Ruiz's requests and grievances filed on August 23-24, 2022 (Doc. No. 51-3); the PCDC's grievance policy (Doc. No. 51-4); and page 10 from the PCDC's detainee handbook (Doc. No. 51-5).

#### A.  *Exhaustion of Administrative Remedies*

The Prison Litigation Reform Act (PLRA) requires an inmate to exhaust prison grievance procedures before filing suit in federal court. *See* 42 U.S.C. § 1997e(a); *Jones v. Bock*, 549 U.S. 199, 202 (2007); *Jones v. Norris*, 310 F.3d 610,

612 (8th Cir. 2002). Exhaustion under the PLRA is mandatory. *Jones v. Bock*, 549 U.S. at 211. The PLRA's exhaustion requirement applies to all inmate suits about prison life whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. *Porter v. Nussle*, 534 U.S. 516, 532 (2002). The PLRA does not, however, prescribe the manner in which exhaustion occurs. *See Jones v. Bock*, 549 U.S. at 218. It merely requires compliance with prison grievance procedures to properly exhaust. *See id.* Thus, the question as to whether an inmate has properly exhausted administrative remedies depends on the grievance policy of the particular prison where the alleged events occurred. *See id.*

The PCDC has a procedure that allows detainees to file a grievance "whenever the detainee believes they have been subjected to abuse, harassment, an abridgment of civil rights, or a denial of privileges . . . ." Doc. No. 51-4 at 2. That policy requires a detainee to submit a request on a kiosk, which will be submitted to the Jail Administrator or his designee and sent to the proper person for response. *Id.* The grievance must include the "time, date, and names of the officers and/or staff members involved and pertinent details of the incident, including the names of any witnesses." *Id.* The policy further requires grievances to be reviewed by the Jail Administrator who must order an investigation if the grievance describes a prohibited act by a detention officer or staff member, a criminal act or constitutional

violation, or an abridgment of detainee privileges as described in the detainee handbook. *Id*. The inmate is to receive a timely response after the grievance is investigated. *Id.*

According to Sweet, "[i]f the detainee feels their grievance was improperly handled, they may appeal on the place provided on the grievance form." *See* Doc. No. 51-1 at ¶ 10, *Affidavit of Rowdy Sweet* (citing page 11 of the Detainee Handbook, which was not provided to the Court with the defendants' motion).

### B.   *Ruiz's Complaint Allegations*

Ruiz alleges that during the Summer of 2022, while he was held in a punitive cell on the E-block, he got into a "back and forth" with a corporal about whether he was suicidal, threatened the corporal, and threw books at him. Doc. No. 14 at 14-15. He alleges that the corporal and other officers subsequently used excessive force against him, including pepper spray. *Id.* at 16-18. He further alleges the defendants failed to promptly take him to the shower to decontaminate, but instead gave him a towel to dry his face. *Id.* at 16-18. Ruiz acknowledges he was eventually placed in the shower. *Id.* at 17.

### C.   *Ruiz's Relevant Grievances*

Ruiz submitted several grievances at the PCDC. *See* Doc. No. 51-1 at ¶ 4, *Affidavit of Rowdy Sweet*; Doc. No. 51-3, *Grievances*.

In Grievance #12,693,793, submitted on August 23, 2022, Ruiz requested policies on chemical agents, use of force, and medical care for detainees. Doc. No. 51-3 at 1. In his appeal, he alluded to an incident in which he was sprayed and placed on suicide watch; he requested that all relevant video be saved. *Id.*

In Grievance #12,693,962, submitted on August 23, 2022, Ruiz grieved:

> Officers in pcdc have violated my rights, including unnecessary force and chemoicals with out prior warning or orders, and once sprayed I had to state policy to them which was after chemical agents are use I am to be decontaminiated by using coupious amounts aof water and soap in which officers laughed at me and stated did he say coupious, i begged for them to allow me to use the shower and after they had me sitting for an unknown amount of time with a dry towel on my face they finally answered pleas

*Id.* at 2.[1] Lieutenant Swatzel answered the same day, stating, "You are incorrect. No one violated your rights. You were given a wet towel and placed in the shower in a timely manner." *Id.* Ruiz appealed, stating:

> no, they had no knowledge of the policy thus a failure to train, i had to sit there and beg for them to place me into the shower and as i stated once i recited policy a officer of ur agency laughed ad stated did he say cupious amounts of water, for me to have to beg for officals to follow policy isnt write and on top of that they were donna actually let me sit there with a wet towel on my face and not pat but scrape the chemicals off, im just making sure this never happens to anyone else

---

[1] Grievances are transcribed verbatim without any corrections for misspellings or mistakes.

*Id.* Sweet responded to Ruiz's appeal on August 24, 2022, stating, "You were answered. Reports and videos are completed on the incident. You are incorrect." *Id.*

Ruiz also submitted Grievances #12,694,000, #12,694,080, and #12,694,476 on August 23, 2022, regarding the incident in which he was maced and the alleged lack of medical treatment he received afterwards. *Id.* at 3-5. All of these grievances were answered; none were rejected for failing to provide sufficient information. *Id.* Ruiz appealed two of these grievances and received appeal responses the next day. *Id.* at 3-4. Ruiz submitted one additional grievance on August 24, 2022, stating that he flooded his cell in order to receive a shower. *Id.* at 6. He did not appeal that grievance response. *Id.*

### D.  *Exhaustion of Ruiz's Claims*

The defendants argue that Ruiz has not exhausted his claims against them because he did not specifically name them in the grievances he filed that describe or allude to the incident in which he was pepper sprayed. *See* Doc. No. 50 at 7. Ruiz correctly points out that his grievances were answered on the merits and he appealed, thereby completing the grievance process. *See* Doc. No. 56 at 7.

The United States Court of Appeals for the Eighth Circuit has determined that the failure to name specific defendants can be a procedural deficiency, and prison officials' acceptance and resolution of a procedurally deficient grievance can serve

to establish proper exhaustion. *See Hammett v. Cofield*, 681 F.3d 945, 947 (8th Cir. 2012) (PLRA's exhaustion requirements are satisfied if grievance is considered on the merits, even if it could have been denied for procedural deficiencies). *See also Bower v. Kelley*, 494 Fed. Appx. 718 (8th Cir. 2012) (unpublished per curiam); *Daniels v. Hubbard,* No. 5:14CV00360 BSM, 2015 WL 9222627, at *1–2 (E.D. Ark. Dec. 17, 2015). This is a fact-intensive analysis. For example, in *Burns v. Eaton*, the Court affirmed the dismissal of a claim against a defendant who was not named in the grievance and whose conduct was not addressed in the grievance. 752 F.3d 1136 (8th Cir. 2014). However, the relevant grievance specifically named another individual, and was therefore proper under ADC policy. *Id.* at 1141-1142. Prison officials were able to investigate the conduct of the named individual, and had no reason to question whether other individuals or claims should have been investigated. *Id.* In other cases, a plaintiff's failure to name a defendant in a grievance has been held not to prevent exhaustion where the ADC had enough information to adequately investigate the grievance, did so, and decided the grievance on the merits. *See e.g., Chapman v. Norris*, No. 5:15CV00103-DPM-JTK, 2016 WL 4483862, at *4 (E.D. Ark. Apr. 19, 2016), *report and recommendation adopted in part, rejected in part sub nom. Chapman v. Gibson*, No. 5:15-CV-103-DPM-JTK, 2016 WL 4483849 (E.D. Ark. Aug. 24, 2016); *Rodriguez v. Page,* No. 1:15CV00022 BSM/PSH, 2016 WL 4473818, at *2–3 (E.D. Ark. Aug. 9, 2016),

*report and recommendation adopted,* No. 1:15CV00022 BSM, 2016 WL 4472960 (E.D. Ark. Aug. 23, 2016); *Wilson v. Arkansas Dep't of Correction*, No. 5:14CV00248 SWW/PSH, 2016 WL 1626770, at *3 (E.D. Ark. Mar. 30, 2016), *report and recommendation adopted,* No. 5:14CV00248 SWW, 2016 WL 1611443 (E.D. Ark. Apr. 21, 2016); *Daniels v. Hubbard, supra*.

While several of Ruiz's grievances alluded to the pepper spray incident and the decontamination process, Grievance #12,693,962, quoted above, specifically addressed Ruiz's claims that unnecessary force was used without warning and that he was not allowed to decontaminate after he was sprayed with chemicals. *See* Doc. No. 51-3 at 2. This grievance specifically describes the claims proceeding in this lawsuit. And while Ruiz did not name any specific defendant in this grievance, it was not rejected on that basis. *Id.* Rather, he received a response addressing his claims on the merits, and he proceeded to appeal that response. *Id.* Accordingly, Ruiz has exhausted administrative remedies with respect to his excessive force and failure-to-decontaminate claims.

## IV.  Conclusion

The defendants' motion for summary judgment (Doc. No. 49) is DENIED. Ruiz's excessive force and failure-to-decontaminate claims will proceed.

DATED this 15th day of May, 2025.

_____
UNITED STATES MAGISTRATE JUDGE